NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50097 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00338-GW-42 |
| v. | |
| ERSKIN CARTER, AKA Baby Spike, AKA Erskin Carter, Jr., AKA Erskin Milton Carter, AKA Lil Spike, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 9, 2023
Pasadena, California

Before: WATFORD and COLLINS, Circuit Judges, and S. MURPHY,[**] District
Judge.

Erskin Carter pleaded guilty to one count of conspiracy to engage in

racketeering activity, in the form of conspiracy to commit murder, in violation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

18 U.S.C. § 1962(d) (RICO conspiracy) and one count of conspiracy to traffic controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846.  On appeal, he challenges the 200-month sentence imposed by the district court.  We affirm.

1.  Carter argues that the district court failed to resolve a factual objection at sentencing as required by Federal Rule of Criminal Procedure 32(i)(3)(B).  United States Sentencing Guidelines § 2E1.1(a) governs sentencing in RICO cases and requires a sentencing court to apply the greater of level 19 or "the offense level applicable to the underlying racketeering activity."  Here, the district court applied a base offense level of 43, the level for a murder conspiracy that "resulted in the death of a victim."  U.S.S.G. § 2A1.5(c)(1); *see also id.* § 2A1.1.  Carter contends that the district court violated Rule 32 by not making an express finding of fact that he had personally participated in the murder of W.S.

Because Carter did not object on that basis below, we review for plain error.  Even assuming the district court did not make the necessary Rule 32 finding, we may grant relief under the plain error standard only if there is a reasonable probability that Carter would have received a different sentence had the district court properly considered and ruled on the factual issue in dispute.  *United States v. Christensen*, 732 F.3d 1094, 1101–02 (9th Cir. 2013); *United States v. Doe*, 705 F.3d 1134, 1156 (9th Cir. 2013).

Here, there is no such reasonable probability. Section 2A1.5(c)(1) states that the first-degree murder guideline applies if a conspiracy to commit murder "resulted in the death of a victim." The guideline on its face does not require personal participation beyond participation in the conspiracy to commit murder. *See* U.S.S.G. § 1B1.3(a)(1)(B). Carter pleaded guilty to a RICO conspiracy involving a conspiracy to commit murder, and he did not dispute that his co-conspirators committed the murder of W.S. Nor did Carter contest that W.S.'s murder was within the scope of, in furtherance of, and reasonably foreseeable in connection with the gang-related conspiracy to which he pleaded guilty. Any Rule 32 error was therefore not prejudicial.

**2.** Carter next argues that the district court violated his due process rights by relying on the hearsay statements of a confidential informant who alleged that Carter had personally participated in the murder of W.S. Yet even if the district court abused its discretion in relying on those statements, any alleged error was harmless. *See United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008) (sentencing errors reviewed for harmlessness). For the reasons stated above, the base offense level would have been 43 regardless of Carter's personal involvement in the murder of W.S.

To the extent the district court relied on the informant's testimony to connect Carter's *co-defendants* to the murder, the court did not abuse its discretion. The

information the confidential informant provided regarding the involvement of Carter's co-defendants was corroborated, as both parties noted, by subsequent police investigation and other evidence. *See United States v. Cantrell*, 433 F.3d 1269, 1282, 1284 (9th Cir. 2006). Thus, the district court did not violate Carter's due process rights by relying on the statements of the confidential informant.

**AFFIRMED.**